1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

10

11    OLIVER MATTHEWS, Jr.,                              Civil No.    08-0383 WQH (CAB)
      CDCR #K-39692,
12
                                      Plaintiff,         **ORDER:**
13
                                                         **(1)  GRANTING MOTION TO**
14                                                       **PROCEED *IN FORMA PAUPERIS*,**
                                                         **IMPOSING NO INITIAL PARTIAL**
15                 vs.                                   **FILING FEE AND GARNISHING**
                                                         **$350 BALANCE FROM**
16                                                       **PRISONER'S TRUST ACCOUNT**
                                                         **[Doc. No. 2];**
17    MAILROOM PERSONNEL,
      Richard J. Donovan Correctional Facility,          **AND**
18
                                                         **(2)  DISMISSING COMPLAINT**
19                                    Defendants.         **FOR FAILING TO STATE**
                                                         **A CLAIM PURSUANT TO**
20                                                       **28 U.S.C. §§ 1915(e)(2)**
                                                         **& 1915A(b)(1)**
21
22
23         Oliver Matthews, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Richard J.

24    Donovan Correctional Facility ("RJD") in San Diego, California, proceeding in pro se, has filed

25    a civil rights Complaint pursuant to 42 U.S.C. § 1983.

26         Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

27    he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc.

28    No. 2].

**I.      Motion to Proceed IFP [Doc. No. 2]**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever  is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  *Andrews*, 398 F.3d at 1119.  Plaintiff's trust account statement shows he has had average monthly balance and deposits in his trust account totaling $4.50, and an available balance of only $.09. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which

1  to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C.

2  § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely

3  on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

4  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no

5  initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the

6  filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the

7  installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

8  **II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

9  **A.    Standard**

10  The PLRA also obligates the Court to review complaints filed by all persons proceeding

11  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

12  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

13  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

14  practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these

15  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

16  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

17  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

18  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

19  446 (9th Cir. 2000) (§ 1915A).

20  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

21  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

22  frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

23  324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

24  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

25  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection

26  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

27  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

28  (discussing 28 U.S.C. § 1915A).

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

4    "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

5    duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

6    839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

7    *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

8    **B.      42 U.S.C. § 1983 Liability**

9         Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

10   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

11   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

12   United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122

13   (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

14   **1.      Personal Liability**

15        The only named Defendant in this action is the "Mailroom Personnel" at RJD. (Compl.

16   at 1-2.) Nowhere in Plaintiff's Complaint does he make any specific allegation of constitutional

17   wrongdoing by any individual person. Instead, Plaintiff merely alleges that unidentified

18   "mailroom personnel" at RJD have collectively denied him access to court, due process, and

19   have caused his "blood pressure to rise" in violation of the cruel and unusual punishments clause

20   of the Eighth Amendment. (*Id*. at 3-4.)

21        A person deprives another "of a constitutional right, within the meaning of section 1983,

22   if he does an affirmative act, participates in another's affirmative acts, or omits to perform an

23   act which he is legally required to do that causes the deprivation of which [the plaintiff

24   complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).[1]

25   ─────────────

26        [1] In *Johnson v. Duffy*, 588 F.2d 740 (9th Cir.1978), the Ninth Circuit explained the nature of
     liability under § 1983, and held that "personal participation is not the only predicate for section 1983
27   liability. Anyone who 'causes' any citizen to be subjected to a constitutional deprivation is also liable."
     *Id*. at 743; *see also Gilbrook v. City of Westminster*, 177 F.3d 839, 854 (9th Cir. 1999). The Court
28   further explained that the "requisite causal connection can be established not only by some kind of direct
     personal participation in the deprivation, but also by setting in motion a series of acts by others which
     the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.*

1    "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v.*

2  *United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be

3  individualized and focus on the duties and responsibilities of each individual defendant whose

4  acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

5  F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v.*

6  *Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

7    Simply put, to state a claim against a state official under section 1983, Plaintiff must

8  allege direct individual participation by each "person" named as a defendant. *Taylor v. List*, 880

9  F.2d 1040, 1045 (9th Cir. 1989); *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986)

10  (plaintiff must allege personal acts by each defendant which show a direct causal connection to

11  the constitutional violation at issue); *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001)

12  (whether or not each defendant "is a participant in the incidents that could give rise to liability"

13  is a necessary element of the § 1983 claim). If there is no affirmative link between a defendant's

14  conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights.

15  *Rizzo*, 423 U.S. at 370.

16    As currently pleaded, Plaintiff's Complaint fails to allege any act or omission which may

17  be individually attributable to any person. *Rizzo*, 423 U.S. at 370; *Taylor*, 880 F.2d at 1045;

18  *Paine*, 265 F.3d at 984. For this reason alone, his pleading fails to state a claim upon which

19  § 1983 relief can be granted and must be sua sponte dismissed pursuant to 28 U.S.C.

20  § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

21    **2.    Access to Courts claim**

22    Even if Plaintiff *had* identified individual members of RJD's mailroom staff as

23  defendants, his allegations nevertheless fall short of the pleading standards necessary to state an

24  access to courts claim. *See* 28 U.S.C. § 1915(e)(2). Prisoners do "have a constitutional right

25  to petition the government for redress of their grievances, which includes a reasonable right of

26  access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley*

27  

28  at 743-44; *Gilbrook*, 177 F.3d at 854.

1   *v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).  In *Bounds*, 430 U.S. at 817, the Supreme Court held

2   that "the fundamental constitutional right of access to the courts requires prison authorities to

3   assist inmates in the preparation and filing of meaningful legal papers by providing prisoners

4   with adequate law libraries or adequate assistance from persons who are trained in the law."

5   *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To establish a violation of the right to access to the

6   courts, however, a prisoner must allege facts sufficient to show that:  (1) a nonfrivolous legal

7   attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded,

8   and (2) he has suffered an actual injury as a result.  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

9   An "actual injury" is defined as "actual prejudice with respect to contemplated or existing

10  litigation, such as the inability to meet a filing deadline or to present a claim."  *Id.* at 348; *see*

11  *also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171

12  (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

13      Here, Plaintiff claims "mailroom staff" at RJD have "demonstrat[ed] disloyalties to the

14  call to duty" by failing to provide him with a copy of his "mailroom log card" and that this has

15  somehow denied his right to "due process" and "free access."  (Compl. at 3-4.)  Without more,

16  however, Plaintiff has failed to alleged that these actions have *precluded* his pursuit of  a non-

17  frivolous direct or collateral attack upon either his criminal conviction or sentence or the

18  conditions of his current confinement.  *See Lewis*, 518 U.S. at 355 (right to access to the courts

19  protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and

20  ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S.

21  403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated

22  or lost, is an element that must be described in the complaint, just as much as allegations must

23  describe the official acts frustrating the litigation.").  Moreover, Plaintiff has not alleged facts

24  sufficient to show that he has been actually injured by any specific defendant's actions.  *Lewis*,

25  518 U.S. at 351.

26      In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that

27  he was "so stymied" by any individual defendant's actions that "he was unable to even file a

28  complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous."  *Lewis*,

1 | 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ...

2 | the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show

3 | that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's

4 | access to courts claims must be dismissed for failing to state a claim upon which section 1983

5 | relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### 3.     Cruel and Unusual Punishment

7 | Finally, Plaintiff claims to have been denied "freedom from cruel and unusual

8 | punishment" because the "inconveniences" caused by RJD's mailroom staff have "driven [his]

9 | blood pressure to rise," and caused him anxiety. (Compl. at 5.)

10 | The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a

11 | duty on prison officials to provide humane conditions of confinement and to take reasonable

12 | measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33

13 | (1993). However, every injury suffered by an inmate does not necessarily translate into

14 | constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir.

15 | 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does

16 | not mandate comfortable prisons.").

17 | Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of

18 | confinement, however, a prisoner must satisfy two requirements: one objective and one

19 | subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087

20 | (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to

21 | show that "a prison official's acts or omissions ... result[ed] in the denial of the 'minimal

22 | civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at

23 | 347). This objective component is satisfied so long as the institution "furnishes sentenced

24 | prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety."

25 | *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534*; Wright v.

26 | Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the

27 | defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate

28 | indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official

1  "knows of and disregards an excessive risk to inmate health and safety; the official must be both

2  aware of facts from which the inference could be drawn that a substantial risk of serious harm

3  exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

4      To state an Eighth Amendment claim for deliberate indifference to a serious medical need

5  in particular, Plaintiff must first demonstrate the existence of a serious medical condition of

6  which prison officials should have been aware. *Estelle v. Gamble*, 429 U.S. 97, 104-05;

7  *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by*

8  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). A "serious" medical need

9  exists if the failure to treat a prisoner's condition could result in further significant injury or the

10  "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104.

11      "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate

12  that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302

13  (1991). A defendant must purposefully ignore or fail to respond to a prisoner's pain or medical

14  need in order to establish deliberate indifference. *McGuckin*, 974 F.2d at 1060. The indifference

15  to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross

16  negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v.*

17  *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

18      Here, Plaintiff claims to have suffered from elevated blood pressure and anxiety. (Compl.

19  at 5.) However, Plaintiff does not explain the severity of his condition, and does not allege that

20  any individual person was aware of a "serious" medical need, let alone "deliberately indifferent"

21  to it. *Estelle*, 429 U.S. at 104-05. For these additional reasons, the Court finds that Plaintiff's

22  Complaint fails to state any constitutional claim upon which § 1983 relief can be granted, and

23  thus, this action must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See*

24  *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

25  **III.   Conclusion and Order**

26      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

27      1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

28  is **GRANTED**.

1    2.    The Secretary of California Department of Corrections and Rehabilitation, or his

2  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

3  owed in this case by collecting monthly payments from the account in an amount equal to twenty

4  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

5  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

6  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

7  ASSIGNED TO THIS ACTION.

8    3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

9  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

10  Sacramento, California 95814.

11    **IT IS FURTHER ORDERED** that:

12    4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

13  §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

14  from the date this Order is Filed in which to file a First Amended Complaint which cures all the

15  deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself

16  without reference to the superseded pleading.  *See* S.D. CAL. CIVLR. 15.1.  Defendants not

17  *individually* named and all claims not re-alleged in the Amended Complaint will be considered

18  waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended

19  Complaint fails to state a claim upon which relief may be granted, it may be dismissed without

20  further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).

21  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

22  DATED:  June 17, 2008

23  *William Q. Hayes*
    **WILLIAM Q. HAYES**

24  United States District Judge

25

26

27

28